# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHAUN D. MCCOLLUM, SR., )
)
      Plaintiff, )
) CIVIL ACTION
v. )
) No. 13-1125-KHV
EDWARDS COUNTY BOARD )
OF COMMISSIONERS, et al., )
)
      Defendants, )
_____)

## MEMORANDUM AND ORDER

Plaintiff brings suit against the Edwards County Board of Commissioners and Brian K. Sparke alleging negligence for the injuries which he received in a collision with a maintenance vehicle operated by Edwards County, Kansas. At the time of the collision, plaintiff was operating a vehicle owned by his employer, Klima Well Service, Inc., and Sparke was operating the County vehicle. Klima sought to intervene in this action to protect its workers compensation and medical expense liens, and Magistrate Judge David J. Waxse granted its motion. See Order (Doc. #11) filed May 7, 2013. This matter is before the Court on Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. #22) filed June 26, 2013 and Plaintiff's Motion To Drop Klima Well Service, Inc. (Doc. #25) filed July 9, 2013. For reasons set forth below, the Court sustains defendants' motion and overrules plaintiff's motion.

## Legal Standards

Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)). Here, defendants challenge the face of the complaint in light of Klima's intervention, so the Court presumes the accuracy of plaintiff's factual allegations and does not consider evidence outside the

complaint. Id.

Courts may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Plaintiff bears the burden of showing that jurisdiction is proper, see id., and must demonstrate that the case should not be dismissed, see Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. Id.

**Facts**

Plaintiff was working for Klima and driving one of its trucks when it collided with a high loader driven by Edwards County employee Brian Sparke on April 12, 2011. Plaintiff alleges that Sparke and other County employees were negligent, and seeks to hold Sparke and the County responsible.

Plaintiff filed his complaint on April 2, 2013, alleging diversity jurisdiction under 28 U.S.C. § 1367, i.e. that plaintiff is a resident of Texas and defendants are citizens of Kansas.[1] In answer to plaintiff's complaint, defendants admit subject matter jurisdiction. See Answer And Counterclaim (Doc. #5) filed April 12, 2013. Sixteen days after plaintiff filed his complaint, Klima filed a motion pursuant to Fed. R. Civ. P. 24(a) for leave to intervene as of right, asserting that any settlement proceeds or judgment that plaintiff might receive would be subject to liens for workers

---

[1] Plaintiff does not allege his citizenship, but asserts that he is a resident of the State of Texas. See Complaint (Doc. #1) ¶1. Because defendants do not contest plaintiff's citizenship, for purposes of this motion the Court will assume that it is Texas.

2

compensation and medical benefits that it paid to plaintiff as a result of the collision. See Klima Well Service, Inc.'s Motion To Intervene (Doc. #6) filed April 18, 2013. No party opposed Klima's motion to intervene. Magistrate Judge Waxse determined that Klima met the requirements of Rule 24(a)(2) because it has an interest in the damages that plaintiff seeks, its ability to protect that interest would be impaired or impeded by its absence and the existing parties would not adequately protect Klima's interest. Order (Doc. #11) at 2. Judge Waxse granted Klima's motion to intervene as of right, id., and Klima filed a complaint which incorporated the allegations in plaintiff's complaint and asserted its subrogation interest to the extent of its payments for workers compensation benefits and medical expenses. No party filed timely objections to Judge Waxse's order. Klima alleges that it is a Kansas corporation.[2] See Complaint Of Intervenor Klima Well Service, Inc. (Doc. #12) filed May 7, 2013.

Edwards County filed counterclaims against plaintiff and Klima. Both pleadings allege that plaintiff struck and caused damage to the County vehicle and that plaintiff and Klima were negligent. See Answer To Klima Well Service's Complaint And Counterclaim Against Klima Well Service (Doc. #15) filed May 28, 2013; First Amended Counterclaim Against Shaun McCollum (Doc. #19) filed June 6, 2013.[3]

---

[2] In answer to Klima's complaint, defendants "state that the court is without subject matter jurisdiction over some or all of intervener Klima's claims." Doc. #15 ¶7.

[3] Plaintiff asserts that the counterclaims have been resolved by settlement and that such settlement might affect the pending motions, although he does not explain how. See Plaintiff's Notice To The Court Of Partial Settlement Of Claims (Doc. #97) filed March 13, 2014. Edwards County disputes plaintiff's claim and asserts that the settlement was limited to property damage to the Edwards County equipment. See Amended Response To Plaintiff's Notice Of Partial Settlement (Doc. #101) filed March 20, 2014. The parties have filed nothing in this case which reflects the settlement or dismisses any party or claim. Plaintiff has not demonstrated that a settlement has any effect on the pending motions.

**Analysis**

Defendants move to dismiss because Klima's interests are aligned with those of plaintiff and Klima's joinder destroys the complete diversity of citizenship required for jurisdiction under 28 U.S.C. § 1367. Defendants further argue that if the Court determines that by dismissing Klima, it could retain jurisdiction over plaintiff's claims and the County's counterclaim the Court should decline to exercise that jurisdiction under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

Plaintiff opposes defendants' motion and moves the Court to maintain jurisdiction by (1) declaring Klima to be a nominal party, in which case its citizenship is irrelevant to subject matter jurisdiction, or (2) dropping Klima pursuant to Fed. R. Civ. P. 21, which would preserve the status quo ante with defendants admitting subject matter jurisdiction. Because the cross-motions address the same issue, the Court considers them together.

Plaintiff concedes that Klima's intervention destroyed diversity and as a consequence this Court lacks supplemental jurisdiction over claims by and against Klima under 28 U.S.C. § 1367(b).[4]

---

[4] Section 1367 provides as follows:

(a) Except as provided in subsections (b) and (c) . . . , in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 . . . , when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367.

Therefore, the question is whether to drop Klima, so the Court retains jurisdiction, or dismiss the action for lack of jurisdiction. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").[5]

Rule 21 gives district courts authority to drop a dispensable non-diverse party at any time, even after judgment has been rendered. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 572-73 (2004) (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989)). The Tenth Circuit has interpreted Rule 21 to mean that parties "of course may be dropped in order to achieve the requisite diversity of citizenship if their presence is not essential to a just and meaningful adjudication." Varley v. Tampax, Inc., 855 F.2d 696, 702 (10th Cir. 1988). A court does not abuse its discretion in dismissing a party whose continued presence in the lawsuit destroys diversity jurisdiction. See Jett v. Phillips & Assocs., 439 F.2d 987, 990 (10th Cir. 1971).

Plaintiff relies on Miller v. Leavenworth-Jefferson Electric Cooperative, Inc., 653 F.2d 1378 (10th Cir. 1981), to support his argument that Klima should be dismissed. In Miller, after judgment in a personal injury action, the district court dismissed an employer whose presence destroyed diversity jurisdiction. Although the case caption styled the injured employee (Miller) as plaintiff, the complaint noted that his employer (who had paid workers compensation benefits) was also bringing the claim to protect its interests. 653 F.2d at 1379. Indeed, had the case not included the employer as plaintiff, Miller would have been statutorily precluded from bringing the action. See id. at 1382 (Miller failed to sue within one year so right to sue evolved exclusively to employer under K.S.A. § 44-504(c)). The district court did not determine whether the employer had formally become a party, but instead dismissed the employer under Rule 21.

---

[5] The Court is not persuaded that Klima should be regarded as a nominal party. A nominal party is one who has no interest in the action. See Smotherman v. Caswell, 755 F. Supp. 346, 349 (D. Kan. 1990). Klima has a subrogation interest in any recovery that plaintiff may make and while Klima's role may be limited, it does have an interest.

5

Defendant appealed, arguing that the employer was a necessary party but that its presence destroyed diversity jurisdiction. In affirming, the Tenth Circuit relied on Kansas law which holds that when the employee fails to file suit within one year of injury, the right to sue is not truly assigned to the employer. Instead, the employer is "limited to little more than a nominal role." 653 F.2d at 1383. The Tenth Circuit rejected defendant's argument that the district court had treated the employer as a formal party by submitting to the jury the question of the employer's fault, because the adjustment of liability was required by the Kansas comparative negligence statute, K.S.A. § 60-258a.[6] Id.

Klima's interest is much different than that of the employer in Miller. Here, plaintiff brought suit on his own behalf. Klima moved to intervene to protect its statutory lien because plaintiff had not agreed to protect its interests.[7] The Kansas workers compensation statute gives an employer a right of subrogation when an injured worker recovers from a third party by way of judgment or settlement, and it permits but does not require an employer to intervene in a workers lawsuit to recover damages. See K.S.A. § 44-504(b) ("The employer shall receive notice of the action, have a right to intervene and may participate in the action.").

Plaintiff did not respond to Klima's motion to intervene or object to Judge Waxse's order

---

[6] Section 60-258a was amended in 2010.

[7] Plaintiff represented to the Court that he and Klima "have an agreement regarding the issues of the workers compensation subrogation lien such that they are no longer needed in the case to protect their own interests with respect to the lien." Plaintiff's Reply In Support Of Plaintiff's Motion To Drop Klima Well Service, Inc. (Doc. #29) filed July 22, 2013. In its response, Klima stated that as of July 9, 2013, plaintiff and Klima were negotiating an agreement wherein plaintiff would honor Klima's statutory lien, but that they failed to finalize any such agreement. Intervenor Klima Well Service, Inc.'s Response In Opposition To Plaintiff's Motion To Drop Klima Well Service, Inc. (Doc. #30) filed July 23, 2013. Plaintiff subsequently stated that "[t]he prior agreement has fallen through due to a dispute over the terms of the agreement." Plaintiff's Reply To Intervenor Klima Well Service, Inc.'s Response In Opposition To Plaintiff's Motion To Drop Klima Well Service, Inc. (Doc. #32) filed July 31, 2013. Neither party has since given notice of any such agreement.

6

allowing Klima to intervene. Moreover, plaintiff has presented no argument or evidence to suggest that Klima no longer satisfies the elements of Rule 24(a)(2), i.e. that Klima has an interest in the damages that plaintiff seeks, that Klima's ability to protect its interest would be impaired or impeded by its absence and that Klima's interests would not be adequately protected by the original parties. Klima remains entitled to intervention as of right.

In their briefs, the parties explain that shortly after plaintiff filed his complaint, Edwards County filed a lawsuit in state court against plaintiff and Klima. Plaintiff represents that the state court action has been resolved by settlement. See Doc. #97 at 1. Whether that is true is irrelevant to the issue of subject matter jurisdiction. Plaintiff concedes that the Court lacks jurisdiction under 28 U.S.C. § 1367(b), see Doc. #26 at 4, and provides no compelling argument in favor of its motion to drop Klima as a party.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Drop Klima Well Service, Inc. (Doc. #25) filed July 9, 2013 shall be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. #22) filed June 26, 2013 shall be and hereby is **SUSTAINED.**

Dated this 16th day of April, 2014 at Kansas City, Kansas.

                                               s/ Kathryn H. Vratil
                                               KATHRYN H. VRATIL
                                               United States District Judge